NOT DESIGNATED FOR PUBLICATION

No. 121,979

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

RORY FOSTER,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee*.

MEMORANDUM OPINION

Appeal from Allen District Court; DAVID WILLIAM ROGERS, judge. Opinion filed January 8, 2021. Affirmed.

*James R. Campbell*, of Coffman & Campbell, LLC, of Burlington, for appellant.

*Jacqie Spradling*, assistant county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before GREEN, P.J., MALONE, J., and MCANANY, S.J.

PER CURIAM: Rory Foster appeals the trial court's denial of his K.S.A. 60-1507 motion for ineffective assistance of counsel. Foster, a Jamaican national, told his counsel that he wanted to speak to the Jamaican consulate and then his counsel contacted the consulate. But Foster claims his counsel was ineffective for not telling the trial court that Foster wanted to speak to the Jamaican consulate. Because the issue is not properly before this court, we affirm the trial court's denial of Foster's motion.

Foster is a Jamaican citizen who came to the United States when he was 12 years old. In April 2008, a jury convicted Foster of the following: first-degree murder, in

1

violation of K.S.A. 2005 Supp. 21-3401; rape, in violation of K.S.A. 2005 Supp. 21-3502(a)(1)(A); aggravated kidnapping, in violation of K.S.A. 2005 Supp. 21-3421; aggravated arson, in violation of K.S.A. 2005 Supp. 21-3719; aggravated criminal sodomy, in violation of K.S.A. 2005 Supp. 21-3506; aggravated battery, in violation of K.S.A. 2005 Supp. 21-3414; and criminal threat, in violation of K.S.A. 2005 Supp. 21-3419. *State v. Foster*, 290 Kan. 696, 698, 233 P.3d 265 (2010).

Three trial attorneys were appointed in succession to represent Foster: David Clark, John Gillette, and finally Mike Brown, who was Foster's attorney at trial. Foster asked each of his attorneys to contact the Jamaican consulate. After Foster was convicted and our Supreme Court upheld his conviction, Foster filed a K.S.A. 60-1507 motion claiming ineffective assistance of counsel.

The trial court held a preliminary hearing and an evidentiary hearing on Foster's K.S.A. 60-1507 motion. Foster's first attorney, Clark, testified that he (1) contacted the Jamaican consulate; (2) explained to the consulate that Foster was from Jamaica and a Jamaican citizen; (3) told them that Foster was charged with a crime in the United States and was in the Allen County jail; and (4) told them that Foster wanted someone from the consulate to contact him.

Foster's second attorney, Gillette, also testified that he contacted the Jamaican consulate. He testified that the consulate responded, "just let us know how it turns out." Gillette said, "In fact, I was somewhat put off that they didn't seem to really care." Gillette then testified that he updated Foster with "a complete list of everything pertaining to Jamaica and every official." Gillette said that he gave Foster nine pages of contact information, including contact information for the Prime Minister of Jamaica, for the Ministry of Foreign Affairs, for the Minister of Justice, and for the Attorney General's department.

2

Foster's final trial attorney, Brown, testified that he did not contact the Jamaican consulate, but he did learn from previous counsel that they had contacted the consulate. None of the attorneys heard back from the Jamaican consulate. Clark and Brown testified that they did not know if the Jamaican consulate ever contacted Foster directly.

After the evidentiary hearing, the trial court issued an opinion denying the motion.

Foster timely appeals.

*Has Foster Properly Raised His Ineffective Assistance of Counsel Claim on Appeal?*

Foster appeals from the trial court's denial of his K.S.A. 60-1507 motion. Foster alleges that his trial counsel was ineffective for failing to tell the court about Foster's attempts to contact the Jamaican consulate. The State first argues that Foster cannot raise the issue for the first time on appeal. The State then argues that the governing international agreement did not require Foster's counsel to tell the court about Foster's request for consular aid. Thus, the State argues that Foster's counsel did not err.

Issues not raised before the trial court cannot be raised on appeal. *State v. Kelly*, 298 Kan. 965, 971, 318 P.3d 987 (2014).

There are several exceptions to the general rule that a new legal theory may not be asserted for the first time on appeal, including the following:  (1) the newly asserted theory involves only a question of law arising on proved or admitted facts and is finally determinative of the case; (2) the consideration of the theory is necessary to serve the ends of justice or to prevent denial of fundamental rights; and (3) the judgment of the trial court may be upheld on appeal despite its reliance on the wrong ground or having assigned a wrong reason for its decision. *State v. Phillips*, 299 Kan. 479, 493, 325 P.3d 1095 (2014). Supreme Court Rule 6.02(a)(5) (2020 Kan. S. Ct. R. 34) requires an

3

appellant to explain why an issue that was not raised below should be considered for the first time on appeal. In *State v. Williams*, 298 Kan. 1075, 1085, 319 P.3d 528 (2014), the Supreme Court held that litigants who fail to comply with this rule risk a ruling that the issue is improperly briefed, and the issue will be deemed waived or abandoned. Afterwards, our Supreme Court held that Rule 6.02(a)(5) would be strictly enforced. *State v. Godfrey*, 301 Kan. 1041, 1044, 350 P.3d 1068 (2015).

Foster's argument on appeal differs substantially from his argument to the trial court. In Foster's amended motion, he alleged that his trial counsel was ineffective because his trial counsel did not contact the Jamaican consulate. After an evidentiary hearing, the trial court ruled that Foster's trial counsel contacted the Jamaican consulate. Now on appeal Foster concedes that his attorneys contacted the Jamaican consulate. Instead, Foster claims that his trial counsel was ineffective for not telling the court that Foster wanted to speak with the Jamaican consulate. (Appellant's Brief, 4.) This issue cannot be raised for the first time on appeal. *Kelly*, 298 Kan. at 971. The general rule that a new legal theory cannot be raised on appeal has exceptions, but they do not apply here for two reasons.

First, Foster must satisfy Rule 6.02(a)(5) to raise this new legal theory on appeal. *Godfrey*, 301 Kan. at 1044. The final sentence of Rule 6.02(a)(5) says the following, "If the issue was not raised below, there must be an explanation why the issue is properly before the court." Supreme Court Rule 6.02(a)(5) (2020 Kan. S. Ct. R. 35). Foster's appellate brief did not explain why this court should consider the issue for the first time on appeal. Rather, Foster simply argues the merits of his allegation of ineffective assistance of counsel. Also, after the State raised a lack of explanation in its brief, Foster failed again to proffer any reason why this court should hear his claim in a reply brief. Thus, Foster's arguments are fatally flawed.

4

Second, even if Foster had acknowledged that he was raising a new issue, none of the exceptions would apply. While the new theory is solely a question of law based on proven or admitted facts, the issue is not finally determinative of the case. See *State v. Richmond*, 289 Kan. 419, 429, 212 P.3d 165 (2009). If Foster prevails on appeal, the remedy would be a remand for further proceedings. The third exception, that the court was right for the wrong reason, does not fit with Foster's claim.

The second exception also does not apply because Foster was not denied the only fundamental right that he claims, his right to effective counsel. His right to counsel is only denied if his attorneys are ineffective. See *State v. Cheatham*, 296 Kan. 417, 429-30, 292 P.3d 318 (2013). As outlined in the following paragraphs, Foster fails to show that his attorneys were ineffective.

When the trial court conducts an evidentiary hearing on claims of ineffective assistance of counsel, the appellate courts review the trial court's factual findings using a substantial competent evidence standard. Appellate courts review the trial court's legal conclusions based on those facts applying a de novo standard of review. *State v. Butler*, 307 Kan. 831, 853, 416 P.3d 116 (2018).

> "[To] prevail on a claim of ineffective assistance of trial counsel, a criminal defendant must establish (1) that the performance of defense counsel was deficient under the totality of the circumstances, and (2) prejudice, i.e., that there is a reasonable probability that the jury would have reached a different result absent the deficient performance. *Sola-Morales v. State*, 300 Kan. 875, 882, 335 P.3d 1162 (2014) (relying on *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674, *reh. denied* 467 U.S. 1267 [1984])." *State v. Salary*, 309 Kan. 479, 483, 437 P.3d 953 (2019).

Judicial scrutiny of counsel's performance in a claim of ineffective assistance of counsel is highly deferential and requires consideration of all the evidence before the judge or jury. The reviewing court must strongly presume that counsel's conduct fell

5

within the broad range of reasonable professional assistance. *Kelly*, 298 Kan. at 970. To establish prejudice, the defendant must show a reasonable probability that, but for counsel's deficient performance, the outcome of the proceeding would have been different, with a reasonable probability meaning a probability sufficient to undermine confidence in the outcome. *State v. Sprague*, 303 Kan. 418, 426, 362 P.3d 828 (2015).

Foster claims that his counsel was ineffective because counsel never told the court that Foster wanted to invoke his rights under the Vienna Convention on Consular Relations, April 24, 1963, art. 36, 21 U.S.T. 77, 101, T.I.A.S. No. 6820. Both the United States and Jamaica are signatories to this treaty. Article 36(1)(b) states the following:

> "[If the foreign national] so requests, the competent authorities of the receiving State shall, without delay, inform the consular post of the sending State if, within its consular district, a national of that State is arrested or committed to prison or to custody pending trial or is detained in any other manner. Any communication addressed to the consular post by the person arrested, in prison, custody or detention shall also be forwarded by the said authorities without delay. The said authorities shall inform the person concerned without delay of his rights under this sub-paragraph."

Foster asserts that the "authorities" referred to in the treaty include the court of the jurisdiction. But this court has previously identified state prosecutors as the competent authorities. *State v. Rosas*, 28 Kan. App. 2d 382, 391, 17 P.3d 379 (2000) (prosecutors should be aware of treaty and inform foreign nationals of their rights under treaty); *State v. Ameen*, 27 Kan. App. 2d 181, 184, 1 P.3d 330 (2000) ("State prosecutors should become aware of the treaty's provisions and adhere to them."). Nevertheless, Foster claims that if only defense counsel had properly informed the court, then the court would have called the Jamaican consulate. Foster does not explain how a trial court judge could call a consulate on behalf of a criminal defendant and still comply with the Kansas Code of Judicial Conduct. Kansas Supreme Court Rule 601B, Canon 2, Rule 2.2 (2020 Kan. S. Ct. R. 448) states the following:  "A judge shall uphold and apply the *law*, and shall

6

perform all duties of judicial office fairly and *impartially*." Foster's assertion that the trial court would have or could have contacted the Jamaican consulate is purely speculative.

And Foster piles one speculation on top of another when he asserts that the Jamaican consulate would be more likely to respond to a judge. Without citation, Foster states the following:

> "The court's communication carries with it the imprimatur of the State and commands greater respect and authority. A foreign consulate is far more likely to ignore a request for assistance from a private attorney, as apparently happened in this case, than it would a request from a court."

Again, Foster assumes a particular behavior on no evidence. Foster further assumes that intervention from the Jamaican consulate would have led to a more favorable outcome. But Foster never describes how the outcome of his jury trial would have been different if he had spoken with the Jamaican consulate. "Courts should not roam the unfenced fields of speculation." *Ameen*, 27 Kan. App. 2d at 184. Foster makes only speculative and conclusory assertions that he would have had a more favorable outcome if not for his attorneys' ineffective assistance.

In conclusion, none of the exceptions apply to allow Foster to raise this issue for the first time on appeal. Consideration of the theory is not necessary to prevent the denial of a fundamental right, in this case the right to counsel. Foster's right to effective counsel was not denied. The plain language of Article 36(1)(b) places an obligation on "competent authorities," not defense attorneys. But his attorneys contacted the Jamaican consulate anyway. Counsel's performance was not deficient. In fact, Clark and Gillette went above and beyond for their client. Further, any prejudice arising from a failure to communicate with the trial court is purely speculative. Thus, the fundamental rights

exception does not apply, and the general rule prevails. Foster may not raise a new legal theory on appeal and this issue is not properly before the court.

For the preceding reasons, we conclude that the trial court properly denied Foster's motion.

Affirmed.